## STATE OF OREGON, *Appellant,*
*v.*
## ALLEN EUGENE RADFORD, *Respondent.*
(No. 9671, CA 8160)
568 P2d 692

W. Benny Won, Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Robert C. Cannon, Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before Schwab, Chief Judge, and Lee and Johnson, Judges.

JOHNSON, J.

## JOHNSON, J.

The state appeals the trial court's order granting a pretrial motion to suppress evidence seized following a warrantless search of the trunk of an automobile. The state contends that defendant consented to the search.

■ A Coquille police officer on routine patrol stopped to assist defendant and a companion, John Robertson, who were attempting to repair the broken window of an automobile. Defendant was seated inside the car and Robertson was standing outside. Upon observing the two men and questioning them, the officer became suspicious that they might be involved in criminal activity. There is no contention that the officer had probable cause to search. He asked if he could look in the trunk.[1] In defendant's presence, Robertson replied "Okay." Defendant said nothing. Robertson removed the keys from the ignition and opened the trunk. Defendant then got out of the car and came back to the trunk, but did not object to its being opened or the contents being examined. The officer observed various auto parts in the trunk which he later learned were stolen. The parts were taken to the police station, but neither defendant nor Robertson was arrested at that time.

■ It is well established that consent may be manifested not only by words but also by conduct,[2] including silence. In *United States v. Canada,* 527 F2d 1374 (9th Cir 1975), *cert denied* 429 US 867 (1976), appellant claimed that her Fourth Amendment rights were violated when her suitcase, being carried by a companion, was searched by an airline agent. The court held:

"[T]he airline agent here asked the appellant's com-

---

[1] At this time, the officer did not know to whom the car belonged. He later learned that it belonged to defendant's girlfriend and that she had loaned it to him.

[2] *See e.g. United States v. Bertucci,* 532 F2d 1144 (7th Cir 1976), *cert denied* 429 US 895 (1977); *United States v. Griffin,* 530 F2d 739 (7th Cir 1976); *State v. Hirsch,* 267 Or 613, 518 P2d 649 (1974); *State v. Douglas,* 260 Or 60, 488 P2d 1366 (1971), *cert denied* 406 US 974 (1972).

panion for permission to open the suitcase and explained the need to do so before opening it. Neither he nor appellant, who was present throughout the exchange, objected. The airline agent was fully justified in assuming she had the consent of both. We think this constitutes consent-in-fact voluntarily given." 527 F2d at 1378-79.

Defendant's silence under the circumstances constituted consent to the search.

Reversed and remanded.